# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCENCION GOMEZ,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN CATES,<br><br>    Respondent. | Case No. 1:25-cv-00729-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION<br><br>(ECF No. 12) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation serving consecutive terms of life with the possibility of parole for first-degree murder and attempted murder. (ECF No. 12-1 at 6.[1]) On June 16, 2025, Petitioner filed the instant petition for writ of habeas corpus, challenging a prison disciplinary proceeding in which he was found guilty of battery on a peace officer and penalized with a 150-day loss of custody credit. (ECF No. 1 at 1.) Petitioner asserts the following claims for relief: (1) failure to allow Petitioner to present relevant documentary evidence at disciplinary hearing; and (2) failure to allow Petitioner to ask relevant questions at the disciplinary hearing. (ECF No. 1 at 5–9.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

# II.

# DISCUSSION

## A. Federal Habeas Jurisdiction

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

In Nettles, a California prisoner serving a life sentence challenged a disciplinary violation. The Ninth Circuit held that Nettles's claim did not fall within the core of habeas corpus, stating:

> Success on the merits of Nettles's claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole. Under California law, the parole board must consider "[a]ll relevant, reliable information" in determining suitability for parole. Cal. Code Regs. tit. 15, § 2281(b). A rules violation is merely one of the factors shedding light on whether a prisoner "constitutes a current threat to public safety," *In re Lawrence*, 44 Cal.4th 1181, 82 Cal.Rptr.3d 169, 190 P.3d 535, 553 (2008). Because the parole board has the authority to deny parole "on the basis of any of the grounds presently available to it," *Ramirez*, 334 F.3d at 859, the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole.
>
> Here, the panel of the Board of Parole Hearings considered a range of relevant factors bearing on Nettles's future dangerousness, including his inability to learn from prior imprisonments, his lack of insight and remorse regarding his crimes, and his argumentative and stubborn attitude. The presiding commissioner

> discussed at great length the factors that led him to conclude that Nettles was not suitable for parole, including the heinous nature of Nettles's crime of conviction, a psychological report on Nettles, and Nettles's attitude. While the presiding commissioner did note the multiple rules violations reports issued to Nettles, his remarks gave no indication that Nettles's 2008 violation report was an important, let alone determinative, factor in his decision.
>
> Under California law and the circumstances of Nettles's case, the panel could deny parole to Nettles even if he succeeded in expunging the 2008 rules violation report. Furthermore, since the decision to grant an earlier release date on the basis of new information is placed in the discretion of the parole board, Cal. Penal Code § 3041.5(d)(1), success on Nettles's claim would not even necessarily lead to an earlier parole hearing.
>
> Because success on Nettles's claims would not necessarily lead to his immediate or earlier release from confinement, Nettles's claim does not fall within "the core of habeas corpus," *Skinner*, 562 U.S. at 535 n. 13, 131 S.Ct. 1289, and he must instead bring his claim under § 1983.

Nettles, 830 F.3d at 934–35.

Petitioner contends that his case is distinguishable from Nettles. Petitioner argues that in Nettles, the Board of Parole Hearings ("BPH") commissioner gave no indication that the violation report was an important factor in his decision denying parole. In contrast, the BPH commissioner in Petitioner's case "used the rules violation report in question to outweigh the great weight they had to give to my youthful offender factors; to nullify the progress I made in groups, education, and vocations; to qualify my personal change as an aggravating factor, and to label me an unreasonable risk; and to demonstrate a nexus to current dangerousness." (ECF No. 13 at 3.) The Court finds that Petitioner has not established that the challenged violation report was a *determinative* factor in the parole denial such that expungement of the challenged disciplinary violation would *necessarily* lead to a grant of parole. Although the presiding commissioner mentioned the 2022 violation report numerous times, and it appears to have been an important factor in the decision, the parole denial was also based on other factors, such as Petitioner's lack of self-control, the callous nature of the crime, disregard of the impact on his victims in the community, and the Comprehensive Risk Assessment ("CRA").[2] (ECF No. 12-1 at

---

[2] [T]he psychologists in the Board's Forensic Assessment Division prepare CRA reports for use in parole hearings. In doing so, the psychologists review the inmate's file, interview the inmate, and employ structured risk assessment tools used by mental health professionals to determine the risk of violence in incarcerated individuals. Based on this information, the psychologists classify the inmate as a "low, moderate, or high risk of danger to society." The CRA report provides

37, 39.) Accordingly, the Court finds that Petitioner's claims are not cognizable in federal habeas corpus.[3]

### B. Conversion to § 1983 Civil Rights Action

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

The Court finds that it would be inappropriate to construe the habeas petition as a § 1983 complaint. The Court notes that the filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted in forma pauperis status.[4] See 28 U.S.C. § 1915(b)(1). Moreover, Petitioner names the warden of the facility in which he is housed as Respondent in this matter. It is unclear whether the warden would be the proper defendant in a civil rights action challenging Petitioner's disciplinary proceeding on procedural grounds. See Ashcroft v. Iqbal, 556 U.S. 662,

---

"circumstances about the crime, and the person's prior history and record," as well as "expert analysis" on risk assessment.
Gay v. Parsons, 61 F.4th 1088, 1090 (9th Cir. 2023). Petitioner declined to participate in an interview with the psychologist preparing his CRA report. (ECF No. 12-1 at 201–02.)

[3] Respondent also moves to dismiss the petition as untimely, arguing that Petitioner's 50-day delay between the superior court's denial and the filing of a state habeas petition in the California Court of Appeal and the 32-delay between the California Court of Appeal's denial and the filing of a state habeas petition in the California Supreme Court constitutes "82 days of untolled gap time" not justified by Petitioner. (ECF No. 14 at 3.) However, "as long as the prisoner timely files another petition in a higher court, AEDPA's statute of limitations is tolled for 'the days between (1) the time the lower state court reached an adverse decision, and (2) the day [the prisoner] filed a petition in the higher state court.'" Valdez v. Montgomery, 918 F.3d 687, 690 (9th Cir. 2019) (quoting Evans v. Chavis, 546 U.S. at 189, 193 (2006)). "This is often referred to as 'gap' tolling." Valdez, 918 F.3d at 690. The California Supreme Court has held that "[a] new petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely due to gap delay." Robinson v. Lewis, 9 Cal. 5th 883, 900 (2020). Therefore, Petitioner is entitled to the 82 days of gap tolling and thus, the petition is timely. Accordingly, dismissal is not warranted on this ground.

[4] The Court notes that Petitioner has been authorized to proceed in forma pauperis in this case. (ECF No. 3.)

676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). This conclusion, however, does not preclude Petitioner from pursuing his claims in a properly filed civil action brought pursuant to 42 U.S.C. § 1983.

### III.
### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 12) be GRANTED in part and the petition be dismissed for failure to state a cognizable federal habeas claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **October 3, 2025**

STANLEY A. BOONE
United States Magistrate Judge